E-FILED
Monday, 16 April, 2007 04:06:32 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| MEGAN V. HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| MICHAEL I. FORBES, in his ) | **JURY DEMAND** |
| individual capacity, and ) | |
| ILLINOIS STATE UNIVERSITY, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Comes now the Plaintiff MEGAN V. HUNT, by and through her attorney, Ralph D. Davis, of THE JANSSEN LAW CENTER, and complaining of the Defendants MICHAEL I. FORBES, in his individual capacity, and ILLINOIS STATE UNIVERSITY, for a claim for relief states:

**I.**

**Jurisdiction and Venue**

1. Jurisdiction to hear Plaintiff's claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) is founded under 42 U.S.C. § 1343 ( c ), 28 U.S.C. § 1337, and 28 U.S.C. § 1331.  Venue exists under 28 U.S.C. § 1391.

2. The Plaintiff was born on January 1, 1985 and presently resides in McLean County where she attends college.  The claim arose in McLean County, Illinois, which is among the

counties comprising the Central District of Illinois, 28 U.S.C. § 93(b).

3. The occurrence complained of occurred on or about April 22, 2006 in the County of McLean and State of Illinois.

## II.

## The Parties

4. The plaintiff is a female. She was at the time of the occurrence a 21 year-old student at Illinois State University.

5. The defendant, MICHAEL I. FORBES, was a male assistant professor of Tuba and Euphonium in the school of music of Illinois State University. At all relevant times, he was acting under color of state law. He is sued in his individual capacity.

6. The defendant, ILLINOIS STATE UNIVERSITY, [hereinafter "ISU"] is an educational institution of higher learning organized and existing under the laws of the State of Illinois. As a part of its operation as an educational institution, ISU annually receives federal funds under aid to education programs and activities and is subject to the anti-discrimination provision of Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681.

## III.

## The Conduct Complained Of

7. The Plaintiff was a female student who was enrolled in a course of study in music at Illinois State University where defendant MICHAEL I. FORBES was a faculty member.

8. On or about April 22, 2006, plaintiff was subjected to a proposal of Defendant MICHAEL I. FORBES in which he demanded that she perform certain sex acts upon him in return for his doing what is otherwise a requirement of his job as an assistant professor, namely finding music performance work for his students.

9. The unwanted advances to plaintiff by Defendant MICHAEL I. FORBES were based upon sex.

10. The defendant ISU, acting through its supervisory employees, knew or was deliberately indifferent to the risk that Defendant MICHAEL I. FORBES was sexually harassing students. Despite this knowledge of the risk of sexual harassment of students by defendant MICHAEL I. FORBES, ISU acting through its supervisory employees made no effort to prevent sexual harassment of students by defendant FORBES.

## IV.

## Plaintiff's Claims for Relief

**A.  Section 1983 Claim Against Michael I. Forbes**

11. At all times relevant, there was in full force and effect in the United States of America a certain statute, known as the Civil Rights Act of 1871, 42 U.S.C. § 1983, which provides:

    > Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress....

12. At all times relevant, there was in full force and effect in the United States of America, a certain provision of the Constitution of the United States, the Fourteenth Amendment to which provides:

    > Section 1. ...No State shall...deny to any person within its jurisdiction the equal protection of the laws.

13. Defendant, MICHAEL I. FORBES, while acting under color of state law, did deny plaintiff her right to equal protection of the laws by discriminating against her in her student capacity at ISU on the basis of her sex by his sexual harassment of her.

**B.  Title IX Claim Against Illinois State University**

14. At all times relevant, there was in full force and effect in

the United States of America a certain statute known as Title IX of the Education Amendments of 1972, which provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.... 20 U.S.C. § 1681 (a)

15. Agents and employees of the defendant, Illinois State University, knew of the risk of sexual harassment of female students by defendant, MICHAEL I. FORBES, but did nothing to the prevent the sexual harassment of plaintiff by him.

16. Despite such notice of the conduct of Defendant MICHAEL I. FORBES, the agents of Defendant ISU were deliberately indifferent to the sexual harassment of plaintiff and other students at ISU.

### V.

### Plaintiff's Damages

17. As a direct and proximate result of the foregoing sexual harassment of the defendant MICHAEL I. FORBES and the deliberate indifference of agents of defendant ILLINOIS STATE UNIVERSITY to the risk of sexual harassment of female students by MICHAEL I. FORBES, plaintiff suffered damages including severe mental distress; such mental distress has in the past and will in the future require counseling and psychological treatment; further, plaintiff has been

      disabled in that she was prevented from achieving the academic performance she had before encountering the conduct.

18. The conduct of the defendant, MICHAEL I. FORBES, is such that for the purposes of punishment, plaintiff is entitled to an award of punitive damages.

19. Plaintiff has and will in the future incur attorney's fees and expenses in prosecuting this action for which she is entitled to an award as a part of costs under 42 U.S.C. § 1988.

WHEREFORE, MEGAN V. HUNT prays for judgment in the following amounts against the Defendants:

1. A judgment for compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) against the defendants MICHAEL I. FORBES and ILLINOIS STATE UNIVERSITY;

2. A judgment for punitive damages in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) against the defendant MICHAEL I. FORBES;

3. An award of plaintiff's reasonable attorney's fees and expenses incurred in prosecuting this action as part of costs under 42 U.S.C. § 1988.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                                      Respectfully submitted,
                                                      Megan V. Hunt, Plaintiff,


By: /s Ralph D. Davis

Ralph D. Davis #6196388
Janssen Law Center
333 Main St.
Peoria, IL.  61602
309-676-2341 (phone)
309-676-7678 (fax)
rdavis@jjlaw.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MEGAN V. HUNT

## DEFENDANTS
MICHAEL I. FORBES and ILLINOIS STATE UNIVERSITY

(b) County of Residence of First Listed Plaintiff  McLEAN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  McLEAN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ralph D. Davis, Janssen Law Center, 333 Main St., Peoria, IL 61602
(309) 676-2341

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 555 Prison Condition |  |  |  |
|  | [X] 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983
Brief description of cause:
Sexual Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 04/16/2007
SIGNATURE OF ATTORNEY OF RECORD: s/ Ralph D. Davis

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____