UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MEGAN V. HUNT, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 07-1095 |
| MICHAEL I. FORBES, in his individual capacity, and ILLINOIS STATE UNIVERSITY, | ) ) ) ) ) |
|     Defendants. | ) ) |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, ILLINOIS STATE UNIVERSITY, by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and for its Answer and Affirmative Defenses, states as follows:

### I. Jurisdiction and Venue

1.      Defendant admits that the statutes recited in paragraph 1, 42 U.S.C. § 1983, 28 U.S.C. §1343(c)[1], 28 U.S.C. § 1337, 28 U.S.C. § 1331 of the Complaint can confer jurisdiction. Defendant admits that plaintiff purports to bring a claim of discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), but denies that plaintiff has any meritorious claims thereunder in law or in fact. Defendant further denies that plaintiff's rights were violated. Defendant admits that the District Court for the Central District of Illinois is the appropriate venue for this action.

---

[1] Defendant assumes that Plaintiff incorrectly cited to 42 U.S.C. § 1343 (c), instead of 28 U.S.C. § 1343(c).

2. Defendant lacks sufficient knowledge to admit or deny when Plaintiff was worn and where she currently attends college. Defendant admits that Plaintiff brings a claim based on allegations allegedly arising in McLean County, Illinois, which is among the counties comprising the Central District of Illinois.

3. Defendant admits that Plaintiff complains about an alleged occurrence on or about April 22, 2006 in the County of McLean and State of Illinois.

## II. The Parties

4. Defendant lacks sufficient knowledge as to the age of Plaintiff at the time of the alleged occurrence. Defendant admits the remaining allegations in paragraph 4 of the Complaint.

5. Defendant admits that Michael I. Forbes was a male assistant professor of Tuba and Euphonium in the school of music of Illinois State University. Defendant admits that Plaintiff brings this action against Forbes in his individual capacity. Defendant denies that Forbes was acting under color of state law.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

## III. The Conduct Complained Of

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant lacks sufficient information to admit or deny the allegations in paragraph 8 of the Complaint.

9. Defendant lacks sufficient information to admit or deny the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

### IV. Plaintiff's Claims for Relief

A. **Section 1983 Claim Against Michael I. Forbes**

11. - 13. Defendant makes no answer to these paragraphs as they are not directed at it.

B. **Title IX Claim Against Illinois State University**

14. Defendant admits the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 10 of the Complaint.

16. Defendant denies the allegations in paragraph 10 of the Complaint.

### V. Plaintiff's Damages

17. Defendant denies that it was deliberately indifferent to the risk of sexual harassment by female students by Michael I. Forbes. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 17 of the Complaint.

18. Defendant makes no answer to paragraph 18 of the Complaint, as the paragraph is not directed at Illinois State University.

19. Defendant denies the allegations in paragraph 19 of the Complaint to the extent they are directed towards Illinois State University.

### **AFFIRMATIVE DEFENSES**

1. Defendant Illinois State University did not have notice of a severe and pervasive risk of sexual harassment by Michael I. Forbes.

2. Defendant Illinois State University responded to Plaintiff's complaint promptly and diligently.

3.  Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the defendant employer or to avoid harm otherwise.

>Respectfully submitted,
>
>ILLINOIS STATE UNIVERSITY,
>
>>Defendant,
>
>LISA MADIGAN, Attorney General,
>State of Illinois,
>
>>Attorney for Defendant.
>
>By:  s/ Sarah R. Kerley
>>Sarah R. Kerley, #6283449
>>Assistant Attorney General
>>Attorney for Defendant
>>500 South Second Street
>>Springfield, Illinois  62706
>>Telephone:  (217) 785-4555
>>Facsimile:   (217) 524-5091
>>E-Mail:  skerley@atg.state.il.us

**Hunt v. Forbes, et al.**
**USDC-CD Ill. No. 07-1095**

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 18, 2007 I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

>Ralph D. Davis
>rdavis@jjlaw.com

and I hereby certify that on June 18, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

>None

>Respectfully Submitted,
> s/ Sarah R. Kerley
>Sarah R. Kerley, #6283449
>Assistant Attorney General
>Attorney for Defendant
>500 South Second Street
>Springfield, Illinois  62706
>Telephone:  (217) 785-4555
>Facsimile:   (217) 524-5091
>E-Mail:  skerley@atg.state.il.us