UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MEGAN V. HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-1095 |
| | ) |
| MICHAEL I. FORBES, in his individual capacity, and ILLINOIS STATE UNIVERSITY, | ) JURY DEMAND |
| | ) |
| Defendants. | ) |

**ANSWER
OF DEFENDANT MICHAEL I. FORBES**

NOW COMES the Defendant, MICHAEL I. FORBES, by and through his attorneys, Giffin, Winning, Cohen & Bodewes P.C., and hereby submits his Answer to Plaintiff's Complaint herein as follows:

1. Jurisdiction to hear Plaintiff's claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) is founded under 42 U.S.C. § 1343(c), 28 U.S.C. § 1337, and 28 U.S.C. § 1331. Venue exists under 28 U.S.C. § 1391.

**ANSWER: Defendant FORBES admits that jurisdiction for Plaintiff's alleged claims is based on the statutes cited in Paragraph 1 of the Complaint (assuming Plaintiff mistakenly cited 42 U.S.C. § 1343(c) instead of 28 U.S.C. § 1343(c)). Defendant FORBES denies that any viable legal or factual claims exist under the statutes cited by Plaintiff. Defendant FORBES further admits venue for Plaintiff's alleged claims are proper in this Court.**

2. The Plaintiff was born on January 1, 1985 and presently resides in McLean County where she attends college. The claim arose in McLean County, Illinois, which is among the counties comprising the Central District of Illinois, 28 U.S.C. § 93(b).

**ANSWER:    Defendant FORBES denies that any claim has arisen as alleged in Paragraph 2 of the Complaint. Defendant FORBES has insufficient knowledge to form a belief as to the remaining allegations of Paragraph 2 of the Complaint, and therefore denies those allegations and demands strict proof thereof.**

3. The occurrence complained of occurred on or about April 22, 2006 in the County of McLean and State of Illinois.

**ANSWER:    Defendant FORBES denies the allegations stated in Paragraph 3 of the Complaint.**

4. The plaintiff is a female. She was at the time of the occurrence a 21 year-old student at Illinois State University.

**ANSWER:    Defendant FORBES admits Plaintiff is a female. Defendant FORBES has insufficient knowledge to form a belief as to the remaining allegations of Paragraph 4 of the Complaint, and therefore denies those allegations and demands strict proof thereof.**

5. The defendant, MICHAEL I. FORBES, was a male assistant professor of Tuba and Euphonium in the school of music of Illinois State University. At all relevant times, he was acting under color of state law. He is sued in his individual capacity.

**ANSWER:    Defendant FORBES admits that he was a male assistant professor of Tuba and Euphonium in the school of music at Illinois State University in 2006. Defendant FORBES denies the remaining allegations of Paragraph 5 of the Complaint, as the remaining allegations are legal conclusions, and demands strict proof thereof.**

6. The defendant, ILLINOIS STATE UNIVERSITY, [hereinafter "ISU"] is an education institution of higher learning organized and existing under the laws of the State of Illinois. As a part of its operation as an educational institution, ISU annually receives federal funds under aid to education programs and activities and is subject to the anti-discrimination provision of Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681.

**ANSWER:** **The allegations of Paragraph 6 pertain to Co-Defendant Illinois State University; accordingly, Defendant FORBES makes no response.**

7. The Plaintiff was a female student who was enrolled in a course of study in music at Illinois State University where defendant MICHAEL I. FORBES was a faculty member.

**ANSWER:** **Defendant FORBES admits Plaintiff was a female student. Defendant FORBES admits that Defendant FORBES was a faculty member.**

8. On or about April 22, 2006, plaintiff was subjected to a proposal of Defendant MICHAEL I. FORBES in which he demanded that she perform certain sex acts upon him in return for his doing what is otherwise a requirement of his job as an assistant professor, namely finding music performance work for his students.

**ANSWER:** **Defendant FORBES denies the allegations of Paragraph 8 of the Complaint.**

9. The unwanted advances to plaintiff by Defendant MICHAEL I. FORBES were based upon sex.

**ANSWER:** **Defendant FORBES denies the allegations of Paragraph 9 of the Complaint.**

10. The defendant ISU, acting through its supervisory employees, knew or was deliberately indifferent to the risk that Defendant MICHAEL I. FORBES was sexually harassing students. Despite this knowledge of the risk of sexual harassment of students by defendant MICHAEL I. FORBES, ISU acting through its supervisory employees made no effort to prevent sexual harassment of students by defendant FORBES.

**ANSWER:** **Defendant FORBES denies sexually harassing students. The remaining allegations of Paragraph 10 pertain to Co-Defendant Illinois State University; accordingly, Defendant FORBES makes no response.**

11. At all times relevant, there was in full force and effect in the United States of America a certain statute, known as the Civil Rights Act of 1871, 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia

subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress…

**ANSWER:    Defendant FORBES admits there was such a statute in existence, but denies that Plaintiff has any legal cause of action arising out of such statute.**

12.    At all times relevant, there was in full force and effect in the United States of America, a certain provision of the Constitution of the United States, the Fourteenth Amendment to which provides:

Section 1.  …No State shall … deny to any person within its jurisdiction the equal protection of the laws.

**ANSWER:    Defendant FORBES admits there was such a provision of the Constitution of the United States of America in existence, but denies that Plaintiff has any legal cause of action arising out of such provision.**

13.    Defendant, MICHAEL I. FORBES, while acting under color of state law, did deny plaintiff her right to equal protection of the laws by discriminating against her in her student capacity at ISU on the basis of her sex by his sexual harassment of her.

**ANSWER:    Defendant FORBES denies the allegations contained in Paragraph 13 of the Complaint.**

14.    At all times relevant, there was in full force and effect in the United States of America a certain statute known as Title IX of the Education Amendments of 1972, which provides:

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance….  20 U.S.C. § 1681 (a)

**ANSWER:    Defendant FORBES admits there was such a statute in existence, but denies that Plaintiff has any legal cause of action arising out of such statute.**

15. Agents and employees of the defendant, Illinois State University, knew of the risk of sexual harassment by defendant, MICHAEL I. FORBES, but did nothing to prevent the sexual harassment of plaintiff by him.

**ANSWER:   Defendant FORBES denies that he posed a risk of sexual harassment. Defendant FORBES further denies that he sexually harassed Plaintiff. The remaining allegations of Paragraph 15 pertain to Co-Defendant Illinois State University; accordingly, Defendant FORBES makes no response.**

16. Despite such notice of the conduct of Defendant MICHAEL I. FORBES, the agents of Defendant ISU were deliberately indifferent to the sexual harassment of plaintiff and other students at ISU.

**ANSWER:   Defendant FORBES denies that he engaged in any sexual harassment of any students. The remaining allegations of Paragraph 16 pertain to Co-Defendant Illinois State University; accordingly, Defendant FORBES makes no further response.**

17. As a direct and proximate result of the foregoing sexual harassment of the defendant MICHAEL I. FORBES and the deliberate indifference of agents of defendant ILLINOIS STATE UNIVERSITY to the risk of sexual harassment of female students by MICHAEL I. FORBES, plaintiff suffered damages including severe mental distress; such mental distress has in the past and will in the future require counseling and psychological treatment; further, plaintiff has been disabled in that she was prevented from achieving the academic performance she had before encountering the conduct.

**ANSWER:   Defendant FORBES denies the allegations of Paragraph 17 of the Complaint.**

18. The conduct of the defendant, MICHAEL I. FORBES, is such that for the purposes of punishment, plaintiff is entitled to an award of punitive damages.

**ANSWER:   Defendant FORBES denies the allegations of Paragraph 18 of the Complaint.**

19. Plaintiff has and will in the future incur attorney's fees and expenses in prosecuting this action for which she is entitled to an award as a part of costs under 42 U.S.C. § 1988.

**ANSWER: Defendant FORBES denies the allegations of Paragraph 19 of the Complaint.**

WHEREFORE, Defendant, MICHAEL I. FORBES, prays this Court award Judgment in his favor and against Plaintiff, MEGAN V. HUNT, and further award Defendant, MICHAEL I. FORBES, his costs and such other and further relief as this Court deems just and proper.

DEFENDANT MICHAEL I. FORBES DEMANDS A TRIAL BY JURY.

Respectfully submitted,

**MICHAEL I. FORBES, Defendant**

By:  s/ David A. Herman

David A. Herman - Lead Counsel
Illinois Bar No. 6211060
Paulette F. Dove
Illinois Bar No. 6242881
Philip C. Kaufmann
Illinois Bar No. 6275246
Attorneys for Defendant
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Suite 600, Myers Building
P.O. Box 2117
Springfield, IL  62705
Telephone:  (217) 525-1571
Facsimile:  (217) 525-1710
Email:  dherman@giffinwinning.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13 day of July, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following recipients:

>Ralph D Davis
>rdavis@jjlaw.com
>ralphddavis@sbcglobal.net
>
>Sarah R Kerley
>skerley@atg.state.il.us
>bmyers@atg.state.il.us
>jginter@atg.state.il.us
>vharris@atg.state.il.us

I further certify that the original of the foregoing document has been maintained in the file of Giffin, Winning, Cohen & Bodewes PC.

>By:    s/ David A. Herman
>
>David A. Herman - Lead Counsel
>Illinois Bar No. 6211060
>Paulette F. Dove
>Illinois Bar No. 6242881
>Philip C. Kaufmann
>Illinois Bar No. 6275246
>Attorneys for Defendant
>GIFFIN, WINNING, COHEN & BODEWES, P.C.
>One West Old State Capitol Plaza
>Suite 600, Myers Building
>P.O. Box 2117
>Springfield, IL  62705
>Telephone:  (217) 525-1571
>Facsimile:  (217) 525-1710
>Email:  dherman@giffinwinning.com