UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MEGAN V. HUNT, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 07-1095 |
| MICHAEL I. FORBES, in his individual capacity, and ILLINOIS STATE UNIVERSITY, | ) ) ) ) ) |
|     Defendants. | ) ) |

**JOINT MOTION FOR ENTRY OF
HIPAA QUALIFIED PROTECTIVE ORDER**

    NOW COME Plaintiff, Megan V. Hunt, by and through her attorney, Ralph D. Davis, Defendant, Michael I. Forbes, by and through his attorney David A. Herman and Defendant, ILLINOIS STATE UNIVERSITY, by and through its attorney Lisa Madigan, Attorney General for the State of Illinois, and for their Motion for a HIPAA Qualified Protective Order, state as follows:

    1.    Pursuant to 45 C.F.R. 164.512 of the Health Insurance Portability and Accountability Act ("HIPAA"), a HIPAA Qualified Protective Order is necessary to allow the parties to the litigation to obtain and use protected health information pursuant to HIPAA for the purpose of this litigation while preventing unauthorized disclosure of said protected health information.

    2.    A HIPAA Qualified Protective Order should be entered to prevent the unauthorized disclosure of protected health information while still permitting its use solely for purposes of this litigation.

1

WHEREFORE, for the above and foregoing reasons, the parties respectfully request this Honorable Court enter a HIPAA Qualified Protective Order in this cause.

Respectfully submitted,

| | |
|---|---|
| **MEGAN V. HUNT, Plaintiff** | **MICHAEL I. FORBES, Defendant** |
| By: s/Ralph D. Davis (with consent)<br>One of her Attorneys<br>Ralph D. Davis<br>Janssen Law Center<br>333 Main Street<br>Peoria, IL 61602<br>rdavis@jjlaw.com | By: s/David A. Herman (with consent)<br>One of his Attorneys<br>David A. Herman, #6211060<br>Giffin, Winning, Cohen & Bodewes, P.C.<br>One West Old Capitol Plaza, Suite 600<br>Post Office Box 2117<br>Springfield, IL 62705<br>dherman@giffinwinning.com |

**ILLINOIS STATE UNIVERSITY, Defendant**

By: s/Sarah R. Kerley
       One of its Attorneys
Sarah R. Kerley, #6283449
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone:   (217) 785-4555
Facsimile:    (217) 524-5091
skerley@atg.state.il.us

**Hunt v. Forbes, et al.**
**USDC-CD Ill. No. 07-1095**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2008, I electronically filed **Joint Motion for Entry of a HIPAA Qualified Protective Order** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Ralph D. Davis
rdavis@jjlaw.com

Paulette Dove
pdove@giffinwinning.com

David Herman
dherman@giffinwinning.com

and I hereby certify that on January 25, 2008, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,


 s/ Sarah R. Kerley
Sarah R. Kerley, #6283449
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 785-4555
Facsimile:   (217) 524-5091
E-Mail:  smanning@atg.state.il.us

E-FILED
Friday, 25 January, 2008 09:55:07 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MEGAN V. HUNT, )
)
Plaintiff, )
)
vs. )
) Case No. 07-1095
MICHAEL I. FORBES, in his )
individual capacity, and )
ILLINOIS STATE UNIVERSITY, )
)
Defendants. )

## HIPAA QUALIFIED PROTECTIVE ORDER

THIS CAUSE COMES TO BE HEARD on the motion of the Parties for a HIPAA Qualified Protective Order, the Court finds that good cause exists for the entry of a HIPAA Qualified Protective Order to prevent the unauthorized disclosure and direct the use of protected health information during the course of this litigation.

Accordingly, it is hereby ORDERED:

1. All records produced by the parties to this litigation are produced subject to this Order.

2. This Order applies to any records produced by a covered entity, as defined by 45 C.F.R. 160.103, which has received a request or subpoena for protected health information.

3.  During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the Plaintiff, as that term is defined under the Health Insurance Portability and Accountability Act ("HIPAA") and the Federal Regulations promulgated pursuant to said Act.

   a.  All protected health information disclosed by any of Plaintiff's healthcare providers shall be used for the sole purpose of preparing for or conducting this litigation, including but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in this case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

   b.  Protective health information pursuant to this HIPAA Qualified Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

   c.  Protected health information may be disclosed without further notice by any covered entity or healthcare provider, party or parties' attorney, to:

1. The parties themselves, parties' attorneys, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third party administrators for any of the parties involved in the litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of the above.

2. The parties, and each entity governed by this Order, shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made; provided, however, that said protected health information may be retained in the files of the entities listed in paragraph 3(c)(1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

ENTERED THIS ____ DAY OF _____, 2008.

_____
Judge

Approved as to form:

**MEGAN V. HUNT, Plaintiff**

By: s/Ralph D. Davis
One of her Attorneys

Ralph D. Davis
Janssen Law Center
Janssen Buildig
Main and Jefferson
333 Main Street
Peoria, IL 61602

**ILLINOIS STATE UNIVERSITY, Defendant**

By: s/Sarah R. Kerley
One of its Attorneys

Sarah R. Kerley
Assistant Attorney General
500 South Second Street
Springfield, IL 62706

**MICHAEL I. FORBES, Defendant**

By: s/David A. Herman
One of his Attorneys

David A. Herman - Lead Counsel
Illinois Bar No. 6211060
Giffin, Winning, Cohen & Bodewes, P.C.
One West Old Capitol Plaza
Suite 600, Myers Building
P.O. Box 2117
Springfield, IL 62705