E-FILED
Thursday, 05 February, 2009  04:40:49 PM
Clerk, U.S. District Court, ILCD



# OFFICE OF THE ATTORNEY GENERAL
### STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

June 25, 2007

Michael Forbes
1804 Crooked Creek Road
Greenville, NC 28758

        Re:    *Megan Hunt vs. Michael Forbes, et al.*
                USDC-CD IL No. 07-1095

Dear Mr. Forbes:

    Please be advised that the Office of the Illinois Attorney General has received a request for representation and indemnification on your behalf in the above-captioned matter. The Office of the Illinois Attorney General declines to represent you in this action.

    Pursuant to §2 of the State Employee Indemnification Act (5 ILCS 350/2), as a defendant, a State employee may receive representation by this Office and indemnification from the State of Illinois in civil proceedings, as long as the acts or omissions giving rise to the claim occurred within the scope of State employment and the acts or omissions were not intentional or the employee did not engage in willful or wanton misconduct.

    However, a review of this matter indicates that the acts which give rise to this claim did not occur within the scope of your state employment and appear to constitute intentional or willful and wanton misconduct. In addition, representing you in this action may present an actual or potential conflict of interest for this office.

    The request for representation indicated a reference to the case of *Delgato v. Stegall* (USDC C.D. Ill. 01-1332). Please be advised that there are substantial differences between this pending action and the *Delgado* matter. Accordingly, we decline to represent you.

    Because it appears that your acts were not within the scope of your employment and constituted intentional or willful and wanton misconduct, we decline to extend indemnification. If a court or jury finds that the acts were within the scope of your employment and were not intentional or acts of willful or wanton misconduct, you may qualify to be indemnified for any damages, court costs, and attorney's fees assessed as

EXHIBIT
A

Forbes Letter
Page 2
June 19, 2007

part of any final and unreversed judgment, to the extent approved by this Office as reasonable, in accordance with §2 of the State Employee Indemnification Act.

If you have any questions, you can contact me on the issues of representation and indemnification at (217) 782-1841. Written correspondence should be directed to me at the Springfield address listed below or via facsimile at (217) 524-5091.

Sincerely,

Karen L. McNaught
Bureau Chief
General Law/Springfield

KLM/jrg

cc:   Amanda Lundeen
      David Herman



Gary P. Sullivan, CPCU, AIC, AIM
Claims Manager

Branch Office • 2409 North Main Street • Suite 200 • P.O. Box 2410 • East Peoria, IL 61611-0410
309.698.1825 • Toll Free 1.888.335.3743 • Fax 309.698.6434 • www.erieinsurance.com

RECEIVED JUN 2 6 2007

June 25, 2007

Michael Forbes
56 Waunona Woods
Madison, WI 53713

      Re:  ERIE Policyholder: Michael Forbes and Siri Forbes
          ERIE Claim Number: 010960056256
          ERIE Policy Number: Q55-2207234
          Claimant:    Megan V. Hunt

Dear Mr. Forbes:

I received and thank you for the letter from your attorney, Paulette Dove, dated June 14, 2007. The denial of coverage I sent you May 17, 2007, is amended to include the definition of personal injury and an exclusion for punitive damages.

The insuring agreement for Home and Family Liability Protection – Section II, Personal Liability Coverage, states:

> We will pay all sums up to the amount shown on the Declarations, which anyone we protect becomes legally obligated to pay as damages because of "bodily injury" or "property damage" caused by an occurrence during the policy period. We will pay for only "bodily injury" or "property damage" covered by this policy.
>
> We may investigate or settle any claim or suit for damages against anyone we protect, at our expense. If anyone we protect is sued for damages because of bodily injury or property damage covered by this policy, we will provide a defense with a lawyer we choose, even if the allegations are not true. We are not obligated to pay any claim or judgment or defend any suit if we have already used up the amount of insurance by paying a judgment or settlement.

Your policy defines "occurrence" as: an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Your policy defines "bodily injury" as: physical harm, sickness or disease, including mental anguish or resulting death, but does not include:
1. any communicable disease or condition transmitted by anyone we protect to any other person through a parasite, virus, bacteria or any other organism.
2. the exposure to or transmission of any disease, parasite, virus, bacteria or other organism by anyone we protect to any other person.

Your policy defines "property damage" as:
 a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical that caused it, or
 b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

EXHIBIT B

Your policy defines" personal injury" as: injury arising out of:
1. libel, slander or defamation of character;
2. false arrest, wrongful detention or imprisonment, malicious prosecution, racial or religious discrimination, wrongful entry or eviction, invasion of privacy, or humiliation caused by any of these.

Your policy also contains exclusions which apply to this claim.

The Exclusions section of your policy states:

We do not cover under Bodily Injury Liability Coverage, Property Damage Liability Coverage, Personal Injury Liability Coverage and Medical Payments To Others Coverage:

1. Bodily injury, property damage or personal injury expected or intended by anyone we protect even if:
   a. The degree, kind of quality of the injury or damage is different that what was expected or intended; or
   b. A different person, entity, real or personal property sustained the injury or damage that was expected or intended.

7. Bodily injury or personal injury arising out of business pursuits of anyone we protect, other than business pursuits covered by this policy.

Also, there is an amendatory endorsement to your policy, Amendatory Endorsement – IL (HP-EW, Ed. 10/04) which states:

The following exclusions are added:

Exclusion #12 is deleted and replaced by the following:

We do not cover punitive or exemplary damages and related defense costs. Except if a suit is brought against the insured with respect to a claim for acts or alleged acts falling within the coverage provided under this policy, seeking both compensatory and punitive or exemplary damages, then the company will afford a defense to such action without liability, however, for such punitive or exemplary damages.

This policy does not provide for claims or suits seeking damages, including defense of same, for any person who actively participates in any act of sexual misconduct, sexual molestation or physical or mental abuse of any person.

We have completed or investigation and determined that the allegations in the lawsuit do not meet the definitions of "bodily injury", "property damage", "occurrence" or "personal injury". The plaintiff's allegations in the lawsuit meet the definition of an intentional act. The plaintiff's allegations in the lawsuit also pertain to business pursuits. Secondly, the exclusion in the Amendatory Endorsement – IL notes specifically that there is no coverage or defense for any person who actively participates in any act of sexual misconduct, sexual molestation or physical or mental abuse of any person. Finally, the suit is making a claim for punitive damages which are excluded by the policy. Due to these facts, there is no coverage available under your policy for the damages alleged by the plaintiff in her lawsuit.

Nothing in this letter is intended to waive, alter or restrict any of the terms, conditions or defenses of the policy of insurance in question, all of which are expressly reserved and affirmed.



The ERIE Is Above All In Service®. We commit, care and serve. It's our true blue promise.

Part 919 the Rules of Illinois Department of Insurance requires that our company advise you that if you wish to take this matter up with the Illinois Department of Insurance, it maintains a consumer Division in Chicago at James R. Thompson Center, 100 W. Randolph Street, Suite 5-570, Chicago, Illinois 60601-3251, and in Springfield at 320 West Washington Street, Springfield, Illinois 62767-0001.

Should you have any questions about the content of this letter, please feel free to contact me.

Sincerely,

Timothy J. Steinkoenig
Litigation Specialist
Peoria Branch Office
1-888-335-3743, Ext. 7698

GPS;mlb

Cc: Michael Forbes & Siri Forbes (regular mail)
1804 Crooked Creek Rd
Greenville, NC. 27858-8428

Terry Woith & Associates Insurance

File

Paulette F. Dove, Attorney
Griffin, Winning, Cohen & Bodewes, P.C.
Suite 600, Myers Bldg
One West Old State Capitol Plaza
Springfield, IL 62701



The ERIE Is Above All In Service. We commit, care and serve. It's our true blue promise.

```
 1                  IN THE CIRCUIT COURT

 2       FOR THE ELEVENTH JUDICIAL CIRCUIT OF ILLINOIS

 3            McLEAN COUNTY, BLOOMINGTON, ILLINOIS

 4

 5   THE PEOPLE OF THE STATE OF ILLINOIS,  )
                                           )
 6                              Plaintiff, )
                                           )
 7                  -v-                    ) NO. 07-CF-55
                                           )
 8   MICHAEL I. FORBES,                    )
                                           )
 9                              Defendant. )

10

11           REPORT OF PROCEEDINGS of the Continued Bench

12   Trial before the Honorable KEVIN P. FITZGERALD, on the

13   18th day of December, 2007.

14             APPEARANCES:

15                 HONORABLE WILLIAM A. YODER
                   State's Attorney of McLean County, by
16                 MS. M. JANE FOSTER
                   Assistant State's Attorney
17                 6th Floor, Law & Justice Center
                   Bloomington, Illinois  61701
18
                       on behalf of the Plaintiff,
19

20                 MR. JOHN G. PRIOR, JR.
                   1210 Towanda Avenue, Suite 15
21                 P.O. Box 5968
                   Bloomington, Illinois  61702-5968
22
                       on behalf of the Defendant.
23

24
```

1

**EXHIBIT C**

1  State persons involved in the group and in the court's
2  view just does not have the necessary connection to this
3  defendant's official capacity to substantiate this
4  charge.
5              This is not a question of the morality of
6  this relationship, but the legality of it.  I simply
7  don't find that there has been such proof that he was
8  acting in his official capacity at the time so the
9  defendant is found not guilty.
10             MR. PRIOR:  Thank you, your Honor.
11             MS. FOSTER:  Anything further, judge?
12             THE COURT:  No, thank you.
13             Did he post a cash bond?
14             THE DEFENDANT:  I posted it the first time and
15  then the second time they did not ask for a bond.
16                      (Which was all the evidence
17                       offered and received and all other
18                       proceedings had in the hearing of
19                       the above cause.)
20
21
22
23
24