UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MEGAN V. HUNT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 07-1095 |
| | ) |
| MICHAEL I. FORBES, in his | ) |
| individual capacity, and | ) |
| ILLINOIS STATE UNIVERSITY, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT ILLINOIS STATE UNIVERSITY'S
RESPONSE TO DEFENDANT FORBES' MEMORANDUM OF LAW**

NOW COMES Defendant, ILLINOIS STATE UNIVERSITY, by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and for its Response to Memorandum of Law of Richard Forbes regarding his status in this litigation, states as follows:

**INTRODUCTION**

In his Memorandum of Law, Defendant Forbes argues that he should not be required to pay for his defense in this litigation. Instead, Forbes argues that the Illinois State University (ISU) and Erie Insurance Exchange[1] should be given the opportunity to represent Forbes, referring to Illinois State University as a "third party indemnifier". Defendant ISU submits this Response to notify this honorable Court of authority that

---

[1] The Illinois Attorney General's Office has notified Defendant Forbes that it will not represent him in this action because the behavior giving rise to the Complaint did not occur within the scope of his employment and was intentional, wilful, or wanton. Defendant ISU takes no position on whether Erie Insurance Exchange, the personal insurance carrier for Forbes, is required to indemnify Defendant Forbes in this matter.

demonstrates that ISU cannot be required to indemnify Forbes if a verdict is entered against him in this case.

> I. **Illinois State University would not be required to indemnify Forbes for any adverse ruling in this case because, to the extent he engaged in the alleged conduct, his acts were not within the scope of his employment.**

The State Employee Indemnification Act provides that the Illinois Attorney General shall decline to represent a state employee who is a defendant in a civil lawsuit if the Attorney General determines "that the act or omission which gave rise to the claim was not within the scope of the employee's State employment or was intentional, wilful or wanton misconduct."  5 ILCS 350/2(b).  If the Attorney General declines representation for any of these reasons, the employee is not entitled to indemnification for an adverse judgment or court costs unless the court or jury finds that the act or omission was within the scope of the defendant's job duties and was not intentional, wilful, or wanton misconduct.  5 ILCS 350/2(b).

In this case, to the extent Forbes committed the acts he is alleged to have committed, those acts were necessarily not part of his job duties and, if committed, were intentional, wilful, and wanton.  In her Complaint, Plaintiff alleges that Forbes, a music professor at Illinois State University, demanded that Plaintiff "perform certain sex acts upon him in return for his doing what is otherwise a requirement of his job as an assistant professor."  (Complaint at ¶8).  Illinois State University cannot be required to indemnify Forbes for this conduct because demanding sex acts from students does not fall with the scope of employment of an assistant professor of music.

In Deloney v. Board of Education of Thornton Township, 281 Ill.App.3d 775, 783-

786, (1996) the court held that a school board was not required to defend a truant officer accused of sexually assaulting a student.  The court held that, despite allegations in the Complaint that the truant officer was acting within the scope of his employment, the very nature of the alleged conduct "precludes a conclusion that it was committed within the scope of employment." Id. at 783.  The court went on to state "in Illinois the cases are clear that as a matter of law acts of sexual assault are not within the scope of employment." Id at n.5.  *See also* Bates v. Doria, 150 Ill.App.3d 1025, 1029 (1986)("The fact that an employee has acted in an outrageous manner is evidence that he departed from the scope of employment and, instead, acted for purely personal reasons.")

In Delgado v. Stegall, 367 F.3d 668 (7th Cir. 2004), the Seventh Circuit acknowledged that sexual harassment is not within the scope of employment of a professor.  In that case, as in the present case, a student filed an action pursuant to 42 U.S.C. §1983 against a professor at Western Illinois University, alleging sexual harassment.  In arguing that the claim against him was barred by Title IX pursuant to the Sea Clammers doctrine[2], the professor argued that "since states often indemnify their employees for tortious misconduct, the university may be harmed financially if he is held liable" for sexual harassment.  Id. at 674.  In rejecting this argument, the Seventh Circuit pointed out that the university was not required to indemnify professors who sexually harass students "because Illinois law requires the state to indemnify its

---

[2] Under the Sea Clammers doctrine, courts deem Congress to have intended to supplant any remedy under §1983 where it has provided other, more specific remedies.  Middlesex County Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1, 20-21 (1981).

3

employees only for torts they commit within the scope of their employment." Id.

In the context of determining *respondeat superior* liability, Illinois courts have repeatedly found that sexual misconduct is outside an employee's scope of employment. In Stern v. Ritz Carlton Chicago, 299 Ill.App.3d 674 (1998), the court held that a masseur employed by a hotel was not acting within the scope of his employment when he fondled a woman during a massage. In Randi F. v. High Ridge YMCA, 170 Ill.App.3d 962 (1988), the court held that the sexual molestation of a three-year-old girl by a teacher's aide was not in the scope of employment because the molestation was a deviation from her employment and had no relation to the business of the day care center. *See also* Webb v. Jewel Cos., 137 Ill.App.3d 1004 (1985)(molestation of teenage customer by security guard during search of her person found to be outside the scope of employment.); Hoover v. University of Chicago Hospitals, 51 Ill.App.3d 263, 267 (1977)(rape of patient by doctor during examination found to be outside scope of employment.)

As in the above cited cases, assuming the allegations of the Complaint are true, Forbes was not acting within the scope of his employment when he demanded that the Plaintiff perform sex acts. Any such behavior was for the personal benefit of Forbes and not for the benefit of ISU. Therefore, ISU is not required to indemnify Forbes in this action.

A look at Plaintiff's testimony in Forbes' criminal trial further demonstrates that the alleged conduct was not within the scope of his employment. Plaintiff testified that Forbes touched her inappropriately on three occasions. The first occasion allegedly occurred at a party held at an off-campus house in which several students lived.

(Exhibit A, p. 9-10).  The second occasion allegedly occurred in Plaintiff's car, which was parked outside of a campus dorm.  (Exhibit A, p. 21).  This second occasion occurred in the context of a discussion of a brass band that was not affiliated with ISU. (Exhibit A, p. 70).  The final occasion allegedly occurred in Forbes' home, where Plaintiff was to babysit for Forbes' child.  (Exhibit A, p. 29-41).  These alleged facts, testified to by Plaintiff, further demonstrate that Defendant Forbes was not acting within the scope of his employment when he allegedly demanded sex acts from Plaintiff, and no reasonable jury could find otherwise.

> II. **Even if the alleged conduct were in the scope of his duties, ISU could not be required to indemnify Forbes because the alleged conduct was intentional, willful, and/or wanton.**

Under the State Employee Indemnification Act, the State is not required to indemnify an employee unless the jury finds that the employee's behavior was not intentional, wilful, or wanton misconduct, even if the jury finds that the conduct was within the scope of his employment.  5 ILCS 350/2(b).  In this case, Forbes is alleged to have demanded sex acts from Plaintiff.  If this allegation is true, the behavior would necessarily be intentional, willful, and, most likely, wanton.  In fact, if a jury were to find that Forbes violated Plaintiff's constitutional right to equal protection, it would necessarily have to find that he acted with discriminatory intent.  See Trautvetter v. Quick, 916 F.2d 1140, 1150 (1990)("Like any other equal protection claim, a claim of sexual harassment under the fourteenth amendment must show that the discrimination was intentional.")  Because no reasonable jury could find Forbes liable for violating Plaintiff's right to equal protection without also finding that he acted intentionally, ISU is

5

not required to indemnify Forbes.

WHEREFORE, Defendant ISU respectfully submits this Memorandum of Law for the Court's information in determining the status of Forbes in this litigation.

    Respectfully submitted,

    ILLINOIS STATE UNIVERSITY,

        Defendant,

    LISA MADIGAN, Attorney General,
    State of Illinois,

        Attorney for Defendant.

By: s/Thomas H. Klein
    Thomas H. Klein, #6271653
    Assistant Attorney General
    Attorney for Defendant
    500 South Second Street
    Springfield, Illinois  62706
    Telephone:  (217) 782-2077
    Facsimile:   (217) 524-5091
    E-Mail:  tklein@atg.state.il.us

**Hunt v. Forbes, et al.**
**USDC-CD Ill. No. 07-1095**

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 25, 2009, I electronically filed Defendant Illinois State University's Response to Defendant Forbes' Memorandum of Law with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Ralph D. Davis
rdavis@jjlaw.com

Paulette Dove
pdove@giffinwinning.com

David Herman
dherman@giffinwinning.com

and I hereby certify that on February 25, 2009, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None


    Respectfully Submitted,
    s/Thomas H. Klein
    Thomas H. Klein, #6271653
    Assistant Attorney General
    Attorney for Defendant
    500 South Second Street
    Springfield, Illinois  62706
    Telephone:  (217) 782-2077
    Facsimile:   (217) 524-5091
    E-Mail:  tklein@atg.state.il.us