E-FILED
Tuesday, 17 March, 2009  11:42:20 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

MEGAN V. HUNT,                    )
                                  )
            Plaintiff,            )
                                  )
    v.                            )
                                  )          Case No. 07-1095
MICHAEL I. FORBES AND             )
ILLINOIS STATE UNIVERSITY,        )
                                  )
            Defendants.           )

### ORDER

On January 22, 2009, the Court held a telephone conference with the parties' attorneys.  At this hearing, the parties informed the Court that the Western District of Wisconsin discharged Defendant Forbes from bankruptcy and that, as result of that proceeding, Plaintiff Hunt was permanently enjoined from asserting personal liability against Forbes.  Hunt asserts that a party other than Forbes is liable to her and that she would like to continue her action against that other Defendant, Illinois State University.

The Court directed the parties to file pleadings responding to the issue of whether Forbes, now a nominal party, would need representation in the case.  All parties submitted briefs to the Court and this Order follows.  After reviewing the submitted briefs, the Court concludes that Forbes, as a nominal party, does not need representation in this action.

**Discussion**

While there are two theories regarding representation of nominal defendants, the Court finds the theory which establishes that there is no duty of the discharged debtor to defend himself in a liability suit, post-discharge, to be the more persuasive theory.  The United States Bankruptcy Court for the Central District of Illinois, in dicta, supports the idea that "the creditor is entitled to relief only if the debtor bears none of the costs of defense." *In re Grove,* 100 B.R. 417, 421 (Bankr. C.D. Ill. 1989).

In *In re Groves,* the Court ruled that the FDIC could continue in its litigation against the Debtors in order to permit insurance recovery, provided that the Debtors had no personal liability for the payment of any judgment rendered against them. *Id.* at 423. The Court discussed the usual case as one that "involves a creditor seeking removal of the stay of Section 524 to maintain a state court action against a debtor in order to establish liability where the insurance carrier has recognized its obligations under the policy to provide a defense and to pay if the debtor is found liable.  In that situation the [creditor] is entitled to relief only if the debtor bears none of the costs of defense." *Id.* citing *In re Catania,* 94 B.R. 250 (Bkrtcy. D. Mass. 1989).  The Court further stated:

> The true and ultimate adversaries, those who have something to win or lose, are the [creditor and insurance company].  If the [creditor] is required to pay Debtor's attorney's fees in the [current action], it would, in effect, be paying its adversary fees. *Id.* at 421.
>
> Nor are the Debtors obligated to defend the [current action]. . . the [creditor] is not seeking to enforce any judgment against them individually. Thus the Debtors have nothing to gain or lost monetarily in the [current action]. . . If [the insurance company] wants the [current action] defended, it should pay for it. *Id.* at 421-22.

- 2 -

In this case, Defendant Illinois State University and Erie Insurance Exchange[1] have been given notice of this action but both declined to represent Forbes.  Therefore, Forbes' litigation expenses would have to be incurred by Forbes or Hunt.  The Court finds that Forbes should not have to pay for representation because he has no interest in the outcome of the litigation, as he cannot be held liable.  Further, if he is forced to incur the legal expenses to defend an action, his "fresh start" would be violated.  Likewise, the Court finds that it would be an inequitable burden shift to require Hunt to pay for Forbes' legal expenses.

## Conclusion

As stated above, Forbes, as a nominal party, does not need representation in this action.  Therefore, Counsel for Forbes is allowed to withdraw from this action.  The Court will schedule a status hearing involving Megan Hunt, Illinois State University, and Michael Forbes, individually, if he wishes to participate.

ENTERED this 17th day of March, 2009.

s/ Michael M. Mihm_____
Michael M. Mihm
United States District Judge

---

[1] Erie Insurance Exchange is Forbes' personal insurance carrier.